IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,977-26






EX PARTE JOHN PATRICK FORWARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 46706(2) IN THE 252ND JUDICIAL DISTRICT


COURT FROM JEFFERSON COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
aggravated robbery and possession of a firearm by a felon. Punishment was assessed at
confinement for eight years and ten years, to be served consecutively. There were no appeals
from these convictions.

 Applicant contends that his total credits on his combined sentences exceeds eighteen
years, yet he has improperly been denied release on mandatory supervision. After a previous
remand the trial court has entered findings of fact that Applicant is still serving his sentence for
felon in possession of a weapon, and that he has scheduled mandatory supervision and maximum
expiration dates in 2010. However, neither these findings nor the affidavit on which they rely set
out in detail how the Texas Department of Criminal Justice, correctional institutions division,
applied the dates reflected in the affidavit in calculating Applicant's scheduled mandatory
supervision and maximum expiration dates.

 It is this Court's opinion that additional facts still need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum. The trial court may resolve those issues as set out in
Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits, depositions, or
interrogatories from the Texas Department of Criminal Justice, criminal institutions division,
either stating that Applicant has been conditionally released from confinement or reciting in
detail the method of how Applicant's mandatory supervision date is being calculated.
Alternatively, the court may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent, and Applicant desires representation
by counsel, the trial court shall then appoint an attorney to represent him at the hearing pursuant
to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court should make additional
findings of fact as to what time credits Applicant has accrued on his sentences and how those
credits are being applied to determine Applicant's mandatory supervision release date. The
findings should indicate whether the sentences are being treated as a single combined sentence or
as two separate sentences, and the legal basis for why they are being treated as a single or
separate sentences. The trial court should also make any further findings of fact and conclusions
of law which it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes from
any evidentiary hearing, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 90 days of the date of this order. (2) 




DELIVERED: January 25, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period must be obtained from this Court.